UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN A. BROWN,

                     Plaintiff,

   v.                                               **DECISION AND ORDER**
                                                        05-CV-771S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

      1.      In this case, Plaintiff John A. Brown challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since December 29, 2002, due to degenerative disc disease and pain. Plaintiff contends that these impairments render him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

      2.      Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on April 4, 2003, with a protective filing date of March 26, 2003. (R. at 239-241[1]). His applications were initially denied. Pursuant to Plaintiff's timely request (R. at 31), ALJ J. Robert Brown held an administrative hearing on June 13, 2005. (R. at 248-264). The ALJ found that Plaintiff was not under a disability and denied Plaintiff's applications for benefits. (R. at 11-22). The Appeals Council denied Plaintiff's request for review on September 21, 2005, effectively making the ALJ's decision the final decision of the Commissioner. (R. at 5-7).

      3.      Plaintiff filed the current civil action challenging Defendant's final decision on October 27, 2005. On May 8, 2006, both the Defendant and Plaintiff filed Motions for

---

[1] Citations to the underlying administrative record are designated as "R."

Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The parties fully briefed the motions after which this Court reserved decision without oral argument. For the following reasons, Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded to the Commissioner for further proceedings consistent with this decision.

4.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.  "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

3

claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 21); (2) Plaintiff's degenerative disc disease and tumor on his back are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c) (R. at 21); (3) Plaintiff's impairments do not meet or medically equal, either singly or in combination, the criteria specified for any impairment listed in Appendix 1, Subpart P, Regulations No.4 (R. at 21); (4) Plaintiff has the residual functional capacity to perform a significant range of light work[2] (R. at 20, 21); and (5) Plaintiff was unable to perform any of his past relevant work, including as an overhead crane operator (R. at 21).

The ALJ concluded that although Plaintiff's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.07 as a framework for decision-making, there is a significant number of jobs in the national economy that he could perform. (R. at 20, 21). Ultimately, the ALJ found that Plaintiff was not under "disability," as defined in the Act at anytime through the date of this decision (July 25, 2005). (R. at 20-22). In addition, the ALJ also found Plaintiff's allegations regarding

---

[2] "Light" work involves lifting no more than twenty pounds at a time occasionally, with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight carried may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 CFR §§ 404.1567(b) and 416.967(b).

his limitations to be not totally credible. (R. at 18, 21).

10. Plaintiff first argues that the ALJ failed to consider and discuss his employment history in rendering a determination as to his credibility. At the hearing before ALJ Brown, Plaintiff testified that his pain ranges from 7-9 out of 10. (R. at 18). Further, Plaintiff testified that medication relieves his pain for about five to six hours. (R. at 18). Finally, Plaintiff testified that he can sit for 30 minutes, stand for 20-25 minutes, and walk for 5 blocks. (R. at 18). The ALJ discounted this testimony and found that Plaintiff's statements concerning his impairments and their impact on his ability to work were "not totally credible in light of the reports of the treating and examining practitioners and the finding made on examination." (R. at 18, 21). Moreover, the ALJ commented that Plaintiff's "demeanor at the hearing did not reflect the presence of incapacitating pain." (R. at 18).

11. "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. Accordingly, as courts in the Second Circuit have acknowledged, an ALJ's failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

12. In this case, it is undisputed that Plaintiff has an excellent work history.

During the hearing, the ALJ himself characterized Plaintiff's work history as "fantastic" and congratulated Plaintiff on his 27 years as a crane operator. (R. at 263). Prior to being injured, Plaintiff worked as a crane/utility operator from 1971 through December of 2002. (R. at 52, 56, 63). Given that Plaintiff was 56 years old when he was injured, this Court finds that a work history of 27 years is more than sufficient to warrant the ALJ's consideration. In this Court's view, Plaintiff's work history suggests that he is not the type of Social Security claimant who would feign disability. Patterson, 978 F. Supp. at 519.

13. Under these circumstances, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that he is unable to work because of his disability or specifically state in his decision why Plaintiff was not credible despite his work history. Rivera, 717 F.2d at 725. However, the ALJ neither discussed Plaintiff's work history in his decision, nor indicated what weight, if any, he afforded it in determining whether Plaintiff's complaints of pain or physical restrictions were credible. Based on the foregoing, this Court finds that ALJ Brown's credibility determination does not comply with the governing case law. The ALJ's failure to afford substantial deference to Plaintiff's testimony or to state his reasons why such deference was not warranted despite Plaintiff's work history is error. Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and afford it the weight required by law.

14. In addition to challenging the ALJ's credibility determination, Plaintiff also argues that the ALJ failed to adequately develop the record by neglecting to seek clarification from Plaintiff's treating source. This Court offers no opinion on this argument at this time since the case is being remanded. On remand, the ALJ is free to seek such further clarification if he deems it necessary.

15. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner for further proceedings consistent with this decision.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   March 21, 2007
         Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge